## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**CHARLES BENNETT, Individually and on**                    **PLAINTIFF**
**Behalf of Those Similarly Situated**

**VS**                                      **CIVIL ACTION NO.:** 1:22cv122 HSO-RHWR

**HFS OF LAUREL, INC.**                                     **DEFENDANTS**

_____

### CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED
_____

Plaintiff Charles Bennett (hereinafter, "Plaintiff" or "Bennett" ), a Mississippi resident, brings this Class Action Complaint by and through his attorneys, against Defendant HFS of Laurel, Inc. (hereinafter "HFS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After

determining that the existing consumer protection laws ·were inadequate~ id § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

5. Venue is proper in the Southern Division because the Plaintiff resides in Stone County and the actions of the Defendant included sending mail to Stone County Mississippi.

## NATURE OF THE ACTION

**6.** Plaintiff brings this action on behalf of himself, individually and on behalf of a class of Mississippi consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

7. Plaintiff is a resident of Stone County, Mississippi.

8. Defendant HFS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 301 Hardy St, Suite B, Hattiesburg, MS 39401.

9. Defendant, HFS, is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11. Some time prior to July 6, 2021, Plaintiff incurred a consumer debt to Southern Bone and Joint, PA (hereinafter "debts").

12. The purported debts were obligations that arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically medical services.

13. The alleged obligations are "debts" as defined by 15 U.S.C.§ 1692a(5).

14. Southern Bone and Joint, PA subsequently assigned or retained Defendant HFS to collect the debts.

15. Defendant HFS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

16. On or around March 10, 2022, Defendant HFS sent a collection letter to Plaintiff. A copy of this letter is attached hereto as Exhibit A.

17. The letter is an Abstract of Judgment from the Forrest County Justice Court, which at the bottom contains language included by HFS. The typed portion at the bottom of the Abstract reads, "Enclosed is your copy of Abstract Judgment Lien that was filed and recorded at Stone County Circuit Clersk [sic] Office on 3/8/2022. This lien will appear in Public Records and your credit bureau files. Also your real property title will show this judgment lien until balance of $551.93 is satisfied. Only $10.00 was received on your accouht [sic] with Southern

Bone and Joint, PA since 12/7/21." Below this reads, "Upon payment of $551.93 we will release our lien against your property…" See, Exhibit A.

18.     The letter does not contain any disclosure stating that the letter is from a debt collector as required by 1692e(11).

19.     The letter was the defendant's initial communication to the Plaintiff.

20.     The letter was not accompanied by a validation notice as required by 15 U.S.C. §1692g and no validation notice was sent within five days of the Defendant's first communication with the Plaintiff.

21.     The letter was misleading because it appeared that the source of the letter was the Justice Court of Forrest County.

22.     The misleading representation was threatening and coercive and was made with the intent of scaring Plaintiff into making payment in order to quickly resolve what, falsely, appears to be official communication from the Justice Court.

23.     Such threats were made with the intent to deceive and coerce a rushed payment from Plaintiff.

24.     This language injured the Plaintiff as he was not aware of his proper rights and believed these false threats.

25.     In telephone communications with the Plaintiff after the judgment, Defendant failed to disclose that Defendant was acting as a debt collector and threatened to take Plaintiff's homestead property if the debt was not paid.

26.     Because of Defendant's improper acts, Plaintiff expended time, and effort in determining the proper course of action in responding to the Defendant's letter.

27. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

28. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

29. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

30. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

31. Upon information and belief, Defendant has sent communications similar to Exhibit A to more than fifteen individual Mississippi residents.

### INDIVIDUAL CLAIMS

### COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. Defendant violated said section with respect to the Plaintiff by:

    a. Making a false and misleading representation as to the origin of the letter, which falsely represented the document to be authorized, issued and approved by a Justice Court in violation of §1692e(9);

    b. Falsely representing themselves as "HFS Recovery, Inc." when the name of the entity is actually "HFS of Laurel, Inc." in violation of §1692e(14);

    c. Falsely representing that nonpayment of the debt will result in seizure of the Plaintiff's homestead property, in violation of §1692e(4) and §1692e(5); and

    d. Failing to disclose that the letter is from a debt collector attempting to collect a debt, and that any information obtained will be used for that purpose in violation of §1692e(11).

36. By reason thereof, Defendant is liable to Plaintiff for a judgment of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g

37. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

38. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

39. Pursuant to 15 USC §1692g, a debt collector:

40. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    d. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

41. The Defendant violated 1692g by not accurately conveying the notices required by statute within five days of its initial communication with the Plaintiff.

42. By reason thereof, Defendant is liable to Plaintiff for a judgment of actual damages, statutory damages, costs and attorneys' fees.

## CLASS CLAIMS

43. Plaintiffs bring the following claims on behalf of the following putative class of individuals, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

44. The Putative Class consists of:

    a. all individuals with addresses in the State of Mississippi;

    b. to whom HFS sent a letter with a message added to an official court document;

  c. where such message failed to explain that the letter was a communication from a debt collector; and

  d. which letter was sent on or after a date one (1) year prior to the filing of this action.

45. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

46. Excluded from the Putative Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

47. There are questions of law and fact common to the Putative Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in a form similar to Exhibit A, violate 15 U.S.C. §§ l692e and 1692g.

48. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Putative Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

49. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   e. **Numerosity:** The Plaintiff is informed and believes that the Putative Class defined above are so numerous that joinder of all members would be impractical.

   f. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Putative Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in a form similar to Exhibit A violate 15 § l692e and §1692g.

   g. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Putative Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

   h. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff have no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

   i. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large

number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

50. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Putative Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

51. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT III: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e

52. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Putative Class violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant violated said section with respect to the Putitive Class by:

   a. Making a false and misleading representation as to the origin of the letter, which falsely represented the document to be authorized, issued and approved by a Mississippi court in violation of §1692e(9);

    b. Falsely representing themselves as "HFS Recovery, Inc." when the name of the entity is actually "HFS of Laurel, Inc." in violation of §1692e(14); and

    c. Failing to disclose that the letter is from a debt collector attempting to collect a debt, and that any information obtained will be used for that purpose in violation of §1692e(11).

56. By reason thereof, Defendant is liable to the Putative Class for a judgment of actual damages, statutory damages, costs and attorneys' fees.

### COUNT IV: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

59. Pursuant to 15 USC §1692g, a debt collector:

60. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

    a. The amount of the debt;

    b. The name of the creditor to whom the debt is owed;

    c. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

    d. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    e. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

61. The Defendant violated 1692g with respect to the Putative Class by not accurately conveying the notices required by statute.

62. By reason thereof, Defendant is liable the Putative Class for a judgment of actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Charles Bennett, individually and on behalf of all others similarly situated demands judgment from Defendant HFS as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Michael T. Ramsey, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 18, 2022

/s/ *Michael T. Ramsey*
By:  Michael T. Ramsey

**Sheehan & Ramsey, PLLC**
429 Porter Avenue
Ocean Springs, MS, 39564
Phone: (228) 875- 0572
Fax: (228) 875-0895
MS Bar No. 104978
*Attorney For Plaintiff*